UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DELBERT MARSHALL GREENE,<br>Plaintiff,<br>v.<br>JAMES DZURENDA, *et al.*,<br>Defendants. | Case No. 2:17-cv-00943-RFB-GWF<br>SCREENING ORDER |

On April 3, 2017, Plaintiff, who was a prisoner in the custody of the Nevada Department of Corrections ("NDOC"), submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 and filed an application to proceed *in forma pauperis* for non-prisoners. (ECF No. 1, 1-1). On January 24, 2018, Plaintiff moved to amend his complaint and submitted a first amended complaint. (ECF No. 4, 4-1). On April 5, 2018, Plaintiff filed another motion to amend his complaint and submitted a second amended complaint. (ECF No. 5, 5-1). On April 5, 2018, Plaintiff also filed a motion for appointment of counsel and a motion that this Court construes as a motion for a screening order. (ECF No. 7, 8). On April 16, 2018, Plaintiff was ordered to update his address or his case would be dismissed without prejudice. (ECF No. 6). Plaintiff has not updated his address as ordered.

An amended complaint supersedes (replaces) the original complaint and, thus, the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989). Thus, the operative complaint here is the second amended complaint (ECF No. 5-1). The Court therefore denies the motion to file the first amended complaint (ECF No. 4) as moot. The Court grants the

motion to file the second amended complaint (ECF No. 5). The Court now addresses Plaintiff's application to proceed *in forma pauperis* and his motion for appointment of counsel and screens Plaintiff's second amended civil rights complaint pursuant to 28 U.S.C. § 1915.[1]

**I.    APPLICATION TO PROCEED *IN FORMA PAUPERIS***

When Plaintiff initiated this action, he provided a non-prison address and submitted an application to proceed *in forma pauperis* for non-prisoners with no inmate account statement and no financial certificate. (ECF No. 1). It appears that Plaintiff is now at Clark County Detention Center (CCDC).[2] Because Plaintiff is currently an inmate, pursuant to 28 U.S.C. § 1915(a)(2) and Local Rule LSR 1-2, Plaintiff must complete an application to proceed *in forma pauperis* by an inmate and attach both an inmate account statement for the past six months and a properly executed financial certificate. Plaintiff has not properly done so. The Court will nonetheless consider the second amended complaint.

**II.    SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune

---

[1] The Court denies the motion for a screening order (ECF No. 8) as moot.

[2] When Plaintiff initiated this action, he provided a private address. (ECF No. 1). The Court then sent Plaintiff a letter informing him that he was required to immediately file with the Court written notification of any change of address and that he was required to file with that notification a proof of service upon each opposing party or the party's attorney. (ECF No. 2 at 1). Plaintiff was also advised at that time that failure to comply with these instructions might result in the dismissal of his case. (*Id.*) Plaintiff did not comply with the requirement to immediately inform the Court of the address change and serve notice on the Defendants. Nevertheless, because Plaintiff's current address is mentioned in a later filing with the Court, the Court will not dismiss the case. However, Plaintiff is instructed that, in the future, he must immediately file with the court and serve on Defendants or their counsel any change of address, including a change of address that results from release from detention or transfer to another correctional center or prison.

from such relief.  *See* 28 U.S.C. § 1915A(b)(1),(2).  *Pro se* pleadings, however, must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).  Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint.  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief.  *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).  In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff.  *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).  Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980).  While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff

1 must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**III.  SCREENING OF COMPLAINT**

In his second amended complaint, Plaintiff sues James Dzurenda, Shelly Williams, and Connie Bisbee. (ECF No. 5-1 at 2-3). Plaintiff appears to be challenging the sentences imposed on him, various courts' rejections of his challenges to those sentences, the NDOC's computation of the amount of time he was to serve, and the Nevada Parole Board's failure to follow procedure to prevent the NDOC's error from prolonging Plaintiff's term of incarceration. (ECF No. 5-1 at 4-31). Plaintiff alleges that he was incarcerated longer than he should have been and seeks monetary damages. (*Id.* at 34).

1    In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that "in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 486-87. "A claim for damages bearing that relationship to a conviction or sentence that has not been . . . invalidated is not cognizable under § 1983." *Id.* at 487; *cf. Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (holding that a prisoner in state custody generally cannot use a § 1983 action to challenge "the fact or duration of his confinement," but instead must seek federal habeas corpus relief or the appropriate state relief). "Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487.

Based on *Heck*, the Court dismisses this action without prejudice. If Plaintiff chooses to refile this action, he should allege facts sufficient to show whether any of his term of confinement was invalidated, the period of time that was invalidated, and the particular legal grounds for invalidation.

/ / /

/ / /

/ / /

**IV. CONCLUSION**

For the foregoing reasons,

IT IS ORDERED that this action is dismissed without prejudice. All outstanding motions are denied as moot. The Clerk of Court shall enter judgement accordingly. The Clerk of Court shall close this case.

DATED this 28th day of June, 2018.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE